WILLIAM WILLIAMS, appellant, *v.* JACOB JUDY, appellee.

*Appeal from Jo Daviess.*

The rule is well settled, that the admissions of an assignor of a chose in action may be given in evidence against the assignee, if the admissions were against his interest when they were made.

To an action upon an assigned note brought by the assignee against the maker, it was pleaded that the note was given for money won at gaming. The plea contained no averment that the note was assigned after it became due: *Held,* that such an averment was unnecessary, notes for money won at gaming being, by the statute, absolutely void.

ASSUMPSIT in the Jo Daviess Circuit Court, brought by the appellee against the appellant, upon an assigned note, and heard before the Hon. Thomas C. Browne and a jury at the June term 1846, when a verdict and judgment were rendered for the plaintiff below for $282.

The pleadings and evidence in the cause are stated by the Court.

*J. Butterfield*, for the appellant.

The declarations of Whiteside, made after the note was due, before it was negotiated, and while it lay dishonored in his hands, were competent evidence.

The admissions or declarations of the assignor of a chose in action, made while he is the holder, are evidence against his assignee and all claiming under him; when made before the assignment, the rule is universal, and the only qualification lies in bills of exchange and promissory notes which pass from the hands of the declarant, *before due*, to a *bona fide* holder in the course of trade. 2 Phil. Ev. Notes, 663; 1 Greenl. Ev. 230, § 190; 21 Eng. Com. Law R. 296; 9 Greenl. 83; Story on Bills, § 220.

The cases on this question are all collected and explained in the Notes of Cowen & Hill to Phil. Ev. 663 to 668.

The principle is, while the vendor is in possession, are his declarations the same as his acts? Does the indorsee stand in privity with the indorser, or is his claim paramount as an innocent holder? If the latter, his indorser's previous declarations do not affect him, for he claims a right, not under, but superior to his indorser, directly from the law-merchant.

But the indorsee of a note, which is overdue when negotiated, takes it subject to all the equities existing between the original parties; he holds it under and in privity with his indorser.

The general principle which lets in these declarations, whenever a strict privity has been made out, has never been broken in upon by the English Courts, nor by the American Courts, excepting the Supreme Court of New York has pursued a divided course, sometimes letting in these declarations on the ground of privity, and sometimes rejecting them as mere naked, independent hearsay.

In the case of *Beach* v. *Wise*, 1 Hill's (N. Y.) R. 612, Bronson, J. says: "After reading the elaborate and learned review in 2 Phil. Ev. 644 to 668, and considering the

authorities there collected, I put my judgment upon the sole ground that the point has been adjudged against the defendant by those who have gone before me in this Court. As an original question, I should be unable to see any solid distinction between cases relating to real property, where the declarations of the former owner are constantly admitted, and those relating to choses in action," &c.

*A. T. Bledsoe*, for the appellee.

The Opinion of the Court was delivered by

CATON, J.*   This suit was brought by Judy against Williams on a promissory note made by Williams, and payable to one Whiteside, and dated on the 13th of April, 1839, for the sum of two hundred dollars, and payable 30 days from date, and by Whiteside assigned to Judy. The defendant filed pleas of the general issue, and that the consideration of said note was for money won at gaming. On the trial of the cause, the defendant proved by one Reed, that he had seen the note in the possession of Whiteside in September, 1839, after the same became due, and that at that time the note had not been assigned. The defendant then offered to prove, that at the same time Whiteside, the payee of the note, admitted that it was given for money won at gaming. Upon the objection of the plaintiff's counsel, the Court held these admissions to be incompetent evidence. This decision of the Court presents the only material question for our consideration, and is presented for the first time to this Court for its decision.

We find it abundantly settled by authority, and it is well supported by reason, that the admissions of an assignor of a chose in action may be given in evidence against the assignee, if the admissions were against his interest at the time, especially if a cause of action existed presently, when the admissions were made.

In the case of *Pocock* v. *Billing*, 2 Bing. 269, Best, C. J.

---

*Thomas, J. having been of counsel in this case, took no part in its decision.

said: "In order to render these declarations receivable, it ought to have been shown, that the party making them was the holder of the bill at the time. They are admissions, and as such receivable only when they are supposed to be adverse to the interest of the party." In this case, subsequently, at *Nisi Prius,* these admissions of the assignor of the bill were admitted in evidence against the assignee, it having been proved that the admissions were made before the assignment. Ry. & Mood. 127.

In *Shirley* v. *Todd,* 9 Greenl. 83, it was held that such admissions were competent evidence. Weston, J. in giving the Opinion of the Court says: "We are satisfied that the declarations of Moses Shirley, the payee of the order, while the interest was in him, are admissable in evidence." In that case the admissions were made, as in this, after the maturity of the paper, and before its transfer.

We deem it unnecessary to refer to the great multitude of cases on this subject, especially as they are principally all collected and commented upon by Messrs. Cowen & Hill in their notes to Phillips' Evidence, 663–8. It may be said that there is but one Court whose decision forms an exception to this rule, and that is the Supreme Court of New York. Since the collection of the cases on this subject by Cowen & Hill, this question has again been before that Court, in the case of *Beach* v. *Wise,* 1 Hill's (N. Y.) R. 612. There the present Chief Justice of that Court, in the decision of the case, expresses his disapprobation of the rule, as formerly established by that Court, but finally follows the former decisions, not feeling himself at liberty to overrule the decisions of those who had gone before him. He says: "As an original question I should be unable to see any settled distinction between cases relating to real property, where the declarations of the former owner are constantly admitted, and those relating to choses in action and other personal property, where, as we have seen, such declarations are rejected." I confess myself unable to see any distinction at all.

It was objected by the defendant in error, that there is no

averment in the pleas, that the note was assigned after it became due. That was unnecessary, for by our statute, notes, &c. given for money won at gaming are declared to be absolutely void, even in the hands of the assignee; hence, it was unnecessary to show that the note was received by the assignee *mala fide.* Besides, this is not a question of pleading, but of evidence, and the presence or absence of such an averment could have no influence upon the admissibility of the proposed evidence.

The judgment of the Circuit Court must be reversed with costs, and the cause remanded for a new trial.

*Judgment reversed.*